UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: JAMES THOMAS

                          Debtor.      BANKR. CASE NO. 04-4256
_____/      Honorable Steven W. Rhodes
                                                  Adversary Proceeding 05-04256

JAMES THOMAS,

                        Appellant,     CIVIL CASE NO. 06-11511

v.                                       HONORABLE PAUL V. GADOLA
                                                 U.S. DISTRICT COURT

ELLIOT WARE,

                        Appellee.
_____/

**ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**

     Appellant/Defendant James Thomas ("Thomas") appeals the March 31, 2006 opinion and order of Chief Bankruptcy Judge Steven Rhodes that granted Appellee/Plaintiff Elliot Ware's ("Ware") motion for summary judgment. For the following reasons, the Court will affirm the order of the bankruptcy court.

**I.**     **Background**

     This matter arises out of an alleged contract between Plaintiff Ware and Defendant Thomas for the sale of an automobile. It is alleged that Ware made a down payment for the automobile and was to remit scheduled payments to Thomas between June 2002 and May 2003. It was alleged that Ware initially took possession of the vehicle and met all contractual obligations, including making all the required payments. Nevertheless, Ware alleged that Thomas refused to transfer title to the

vehicle, asserted that the terms of the contract had not been met, and physically reclaimed the vehicle.

Ware filed suit in the State of Michigan, Third Judicial Circuit for the County of Wayne, alleging various claims, including fraudulent misrepresentation as to the vehicle. The claim for fraudulent misrepresentation alleged that Thomas made false representations of material facts when he falsely promised to deliver title to the vehicle, that Thomas knew the representations were false or made them recklessly, that he intended Ware to rely on the misrepresentations, and that Ware did rely on, and suffered harm from, the representations. *See* Def. Br., Ex. E, p. 3 (Amended Compl., ¶¶ 13-17).

Although Thomas filed a response to the complaint, he repeatedly failed to answer several specific allegations. The Honorable Robert J. Colombo, Jr., entered an order as to the allegations Thomas repeatedly failed to deny, deeming them admitted. Judge Colombo then granted Ware's motion for summary disposition and determined that the only issue remaining in the case was the amount of damages. A trial on damages resulted in an judgment for Ware in excess of $60,000.00.

Thomas then filed Chapter 7 bankruptcy and sought to have the state court judgment debt discharged. Ware filed an adversary proceeding and asserted that the debt was nondischargeable, pursuant to 11 U.S.C. § 523(a)(2). Ware filed a motion for summary judgment on the issue, alleging that Thomas was collaterally estopped from re-litigating issues previously determined in the state court proceedings.

Chief Judge Rhodes considered the issues presented in the state court action and the effect of the state court's grant of summary disposition under Michigan Court Rules 2.116(C)(8), (9), and

(10). During his assessment of whether collateral estoppel prevented the re-litigation of the issues surrounding the nondischargeability of the state court judgment debt, Judge Rhodes recognized that issue preclusion in federal court is determined by the effect the state court would give the judgment in question, *see Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997); that to satisfy the "actually litigated" prong of issue preclusion, it is sufficient that the parties had a full and fair opportunity to litigate the issues, *see Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 868 (Bankr. E.D. Mich. 1997)(Rhodes, J.)(collecting Michigan cases); and that in Michigan, a default judgment operates as a final judgment that is not open to re-litigation. *See Allied Elec. Supply Co. v. Tenalia*, 602 N.W.2d 572, 573 (Mich. 1999).

On March 21, 2006, after carefully considering the relevant factors, Judge Rhodes found that collateral estoppel prevented the bankruptcy court from re-litigating the issue of whether Thomas obtained money or property from Ware by "fraud and willful misrepresentation," the issue relevant in a § 523(a)(2) nondischargeability action. *See* Opinion Granting Plaintiff's Motion for Summary Judgment, p. 5, Bankr. Case No. 04-75206-R, Adv. No. 05-4256, Mar. 21, 2006 (Rhodes, J). Consequently, Judge Rhodes granted summary judgment in favor of Ware.

## II.    Standard of Review

"District courts review a bankruptcy court's conclusions of law de novo.*" In re McNamara*, 275 B.R. 832, 835 (E.D. Mich. 2002) (Gadola, J.). "A district court will not disturb a bankruptcy court's findings of fact, however, unless those findings were clearly erroneous." *Id. See also In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and

firm conviction that a mistake has been committed.' " *United States v. Mathews (In re Mathews)*, 209 B.R. 218 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, *North Carolina,* 470 U.S. 564, 573 (1985)).

**III.    Analysis**

After conducting a fully analysis of the issues presented, the bankruptcy court found:

[T]he issue of whether Thomas obtained money or property from Ware by "fraudulent and willful misrepresentation" was actually litigated and . . . the Wayne County Circuit Court's finding in Ware's favor on that issue was necessary to the final judgment. The same issue is present in this § 523(a)(2) nondischargeability action. Because Michigan law would preclude Thomas from re-litigating these factual issues, Thomas is precluded from re-litigating these issues in this adversary proceeding.

Opinion Granting Plaintiff's Motion for Summary Judgment, p. 5, Bankr. Case No. 04-75206-R, Adv. No. 05-4256, Mar. 21, 2006 (Rhodes, J).

This Court is unable to assign any error to the bankruptcy court in this matter. Judge Rhodes correctly set forth the requirements of issue preclusion, considered the matters presented to the state court, examined the state court judgment, and assessed the effect the state court would give to that judgment. Accordingly, after all of this, he correctly concluded that Thomas was precluded from re-litigating the issues previously litigated in state court.

In addition the case cited by Judge Rhodes, *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858 (Bankr. E.D. Mich. 1997) (Rhodes, J.), this Court finds the case of *Building Comm., Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29 (Bankr. E.D. Mich. 2005), instructive. In the case of *In re Rahaim*, the Plaintiff was granted summary disposition in a Michigan state court on a claim of fraud based upon Defendant's failure to file specific answers and appear at several hearings. *Id.* at 32-33. The

bankruptcy court was forced to examine what effect the state court's judgment as to the fraud charge must be given with respect to the bankruptcy court's § 523 dischargeability issue. *Id.* at 35.

Considering the effect Michigan state courts would give the prior judgment, the court in *In re Rahaim* found that the parties in both proceedings were identical, the summary disposition was a valid and final judgment, and that the Defendant had a full and fair opportunity to litigate the issue in the earlier proceeding. *Id.* at 34-38. Therefore, the bankruptcy court found that the determination of fraud in the state court necessarily precluded the bankruptcy court from re-litigating the fraud elements of nondischargeability under § 523(a). *Id.* at 34-38. Applying collateral estoppel, the bankruptcy court granted Plaintiff's motion for summary judgment. *Id* at 39.

The same conclusion was properly reached in the instant case. There is no dispute that the parties in state court were the same as those that appeared before the bankruptcy court. The record plainly indicates that, despite Defendant's opportunity to litigate the issue in state court, the state court granted summary disposition on Plaintiff's claim of fraudulent misrepresentation. *See* Def's App. Br., Ex. D, E. Michigan law clearly dictates that summary disposition in the state court is a valid and final judgment. *Allied Elec. Supply Co. v. Tenalia*, 602 N.W.2d 572, 573 (Mich. 1999); *Staple v. Staple*, 616 N.W.2d 219, 225 (Mich. Ct. App. 2000) (holding that res judicata is applicable to default judgments because they are judgments on the merits). Therefore, the state court's

determination as to Plaintiff's claim of fraudulent misrepresentation[1] necessarily precluded the bankruptcy court from re-litigating the fraud elements of nondischargeability under § 523(a). *See In re Rahaim*, 234 B.R. at 34-38; *In re Waldorf*, 206 B.R. at 861-867. Accordingly, summary judgment in favor of Plaintiff was appropriate in the instant case.

## IV.   Conclusion

After a review of the bankruptcy court opinion and order, the briefs of the respective parties, and the corresponding bankruptcy record, this Court finds no error. Judge Rhodes carefully considered the previous state court proceedings, considered the effect the federal court must give those proceedings, examined the law of Michigan to determine the effect Michigan courts would give those proceedings, and applied those conclusions to the instant case. A de novo review of the bankruptcy court's conclusions of law finds that Judge Rhodes' determination and application of the law was sound. Therefore, this Court will affirm the opinion and order of the bankruptcy court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, for all the reasons set forth above, the order of the Bankruptcy Court, entered March 31, 2006, is **AFFIRMED**.

**SO ORDERED.**

Dated:   March 30, 2007                              s/Paul V. Gadola
                                                                     HONORABLE PAUL V. GADOLA
                                                                     UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff in the instant case asserted a claim for "Fraudulent Misrepresentation" and the plaintiff in *In re Rahaim*, 324 B.R. 29, asserted a claim for "Fraud," a review of Michigan case law reveals that the terminology is a distinction without a difference. *Compare*, *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553 (Mich. Ct. App. 1999) (elements of "fraudulent misrepresentation"), *with Belle Isle Grill Corp. v. City of Detroit*, N.W.2d 271, 280 (Mich. Ct. App. 2003) (elements of "fraud").

Certificate of Service

I hereby certify that on __April 2, 2007__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Marvin D. Sharon_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Elliott Ware_____.


                s/Ruth A. Brissaud_____
                Ruth A. Brissaud, Case Manager
                (810) 341-7845